NO. 07-11-00145-CR

 

IN THE COURT OF APPEALS

 

FOR THE
SEVENTH DISTRICT OF TEXAS

 

AT
AMARILLO

 

PANEL A

 



MAY
18, 2011

 



 

EX PARTE SAMUEL BRAXTON



 



 

 

Before CAMPBELL
and HANCOCK and PIRTLE, JJ.

 

 

MEMORANDUM OPINION

 

 

            Samuel Braxton, appearing pro se, has filed an original proceeding
in this Court, requesting relief with regard to actions of the 364th
District Court of Lubbock County.  We
will dismiss the proceeding for want of jurisdiction.

It is only with difficulty that we ascertain the relief Braxton
seeks.  By his primary pleading, it
appears he requests that we aid his attempt to file post-conviction proceedings
with the 364th District Court. 
To the degree it expresses a prayer for relief, it asks that we “review”
his claim, “forward it to someone who can review it,” or provide him an address
to which he should send it.  With his
primary pleading, Braxton has submitted copies of correspondence and other
documents, including a completed State Bar of Texas grievance form regarding
his appointed counsel, Braxton’s letter to Governor Perry, correspondence to
and from the Lubbock Regional Mental Health and Mental Retardation Center, and
a partially completed form from the State of Indiana concerning habeas corpus
relief.[1]    

The documents Braxton submits contain mentions of several
convictions, including burglary of a building, driving while intoxicated,
criminal mischief, evading arrest, and possession of drug paraphernalia.  However, none of the documents submitted are
from any court proceeding, nor do any of them bear evidence of having been
filed in any court.  

Some of the documents refer to Cause No. 2009-423891.  In an effort to ascertain the nature of the
relief Braxton seeks, we have obtained from the Lubbock County District Clerk a
copy of the judgment signed February 18, 2010 in that cause, by which Braxton
was convicted, on his guilty plea, of the felony offense of driving while
intoxicated, third or more.  The focus of
Braxton’s complaint to us appears to be his dissatisfaction with his appointed
attorney and another person.  He asserts
these two individuals lied to him, leading him to plead guilty.  

            No appeal was brought to this Court
from the February 18, 2010 judgment. 
Post-conviction writs of habeas corpus brought after a final felony conviction
are governed by article 11.07 of the Texas Code of Criminal Procedure.  Tex. Code Crim. Proc. Ann.
art. 11.07 (West 2007).  Such writs are returnable to the Texas Court
of Criminal Appeals. This Court has no jurisdiction over post-conviction habeas
corpus proceedings under article 11.07.  See Tex. Code Crim. Proc. Ann. arts. 11.05; 11.07 (West 2007). 


            If Braxton’s pleading could be read
to seek relief we have jurisdiction to grant, his documents nonetheless are
entirely insufficient to demonstrate his entitlement to relief.  The documents he has filed satisfy none of
the requirements of a petition commencing an original proceeding.  See
Tex. R. App. P. 52 (governing original proceedings).  As noted, the documents consist simply of
copies of correspondence and other documents. 
Under the rules that govern proceedings in this Court, we could not take
action on his pleading as presented.

Concluding that Braxton’s pleading has not invoked our
limited jurisdiction, we dismiss it for want of
jurisdiction.   

 

                                                                                                James
T. Campbell

                                                                                                            Justice

 

 

Do
not publish.

 

            








 











[1]
Because they seemed to involve post-conviction
relief, on March 9, 2011, we forwarded Braxton’s documents to the Texas Court
of Criminal Appeals.  The Court of
Criminal Appeals returned them to us, advising that Braxton has no appeal or
other matter pending before that Court.